IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| GINA MARKS AND DAVID MARKS, | * * * | |
| Plaintiffs, | * * | |
| vs. | * * | CASE NO.: 1:15-CV-00001 (WLS) |
| UNITED STATES OF AMERICA; KEISHA RENEE CALLINS, M.D.; ALBANY AREA PRIMARY HEALTH CARE, INC.; AND ALBANY AREA PRIMARY HEALTH CARE CENTER d/b/a MIRIAM WORTHY WOMEN'S HEALTH CENTER; | * * * * * * * * * | |
| Defendants. | * | |

## NOTICE OF SUBSTITUTION OF DEFENDANT PARTIES

Please take notice that, pursuant to the provisions of the Federal Employees Liability Reform and Tort Compensation Act of 1988, codified at 28 U.S.C. § 2679, the United States of America is hereby substituted as the only proper Defendant for Defendants above-named, Keisha Renee Callins, M.D.; Albany Area Primary Health Care, Inc.; and Albany Area Primary Health Care, Inc. d/b/a Miriam Worthy Women's Health Center; the United States of America becoming and being the Defendant in their name, place and stead, with respect to the claims raised in the Plaintiffs' Amended

Complaint under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671 *et seq.*

In the Plaintiffs' Amended Complaint they purport to state claims against the Defendants for which the United States is substituted herewith which appear to be claims for damages "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of [his] employment . . .." 28 U.S.C. § 1346(b). Under 28 U.S.C. § 2679 no action may be brought against the employee for such claims, but the remedy is exclusively against the United States.

The law further provides that:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States. . . and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(1). The Attorney General has delegated certification authority to the United States Attorneys pursuant to 28 C.F.R. § 15.3. As pertinent to this case, the United States Attorney for the Middle District of Georgia has certified that at the time of the conduct alleged the Defendants for whom the United States is substituted herewith were deemed federal employees of the Public Health Service under the Federally Supported

Health Centers Assistance Act of 1992 and 1995, 42 U.S.C. § 233, and were acting within the course and scope of their employment in the Public Health Service. That Certification of Scope of Employment is filed contemporaneously herewith as Attachment A hereto.

Therefore, based on the foregoing, the United States of America is hereby duly substituted as the sole Defendant by operation of law with respect to all of the claims in the within and foregoing, instant action.

Respectfully submitted, this __4th__ day of May, 2015.

        MICHAEL J. MOORE
        UNITED STATES ATTORNEY
        ATTORNEY FOR DEFENDANT

By: /s Stewart R. Brown
     Stewart R. Brown
     Assistant United States Attorney
     Georgia State Bar # 089650
     United States Attorney's Office
     Middle District of Georgia
     P.O. Box 1702
     Macon, Ga. 31202-1702
     Telephone: (478) 621-2690
     Facsimile: (478) 621-2737
     Email: Stewart.Brown@usdoj.gov

SO ORDERED this 5th day of May, 2015.

/s/ W. Louis Sands
W. Louis Sands, Sr. Judge
United States District Court